**ORIGINAL**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BLACKHAWK MINING LLC, *et al.*,[1] | ) Case No. 19-11595 (LSS) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) **Re: Docket No. 15** |

**ORDER (I) SCHEDULING A COMBINED DISCLOSURE STATEMENT APPROVAL
AND PLAN CONFIRMATION HEARING, (II) APPROVING THE SOLICITATION
PROCEDURES AND DATES, DEADLINES, AND NOTICES RELATED THERETO,
(III) DIRECTING THAT A MEETING OF CREDITORS NOT BE CONVENED,
(IV) WAIVING THE REQUIREMENT OF FILING STATEMENTS OF FINANCIAL
AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES,
AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) scheduling the Confirmation Hearing on the adequacy of the Disclosure Statement and confirmation of the Plan, (b) establishing the Objection Deadline and approving related procedures, (c) approving the Solicitation Procedures, (d) approving the form and manner of the Confirmation Hearing Notice, (e) conditionally, if the Plan is confirmed within 75 days of the Petition Date, (i) directing that the U.S. Trustee not convene the Creditors' Meeting and (ii) waiving the requirement to file Schedules

---

1   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Blackhawk Mining LLC (5600); Blackhawk Coal Sales, LLC (9456); Blackhawk Land and Resources, LLC (7839); Blackhawk River Logistics, LLC (3388); Blue Creek Mining, LLC (2427); Blue Diamond Mining, LLC (3488); Eagle Shield, LLC (6721); FCDC Coal, Inc. (6188); Guyandotte Mining, LLC (4882); Hampden Coal, LLC (8241); Kanawha Eagle Mining, LLC (0586); Logan & Kanawha, LLC (3178); Panther Creek Mining, LLC (0627); Pine Branch Land, LLC (9661); Pine Branch Mining, LLC (9681); Pine Branch Resources, LLC (9758); Redhawk Mining, LLC (0852); Rockwell Mining, LLC (3874); Spruce Pine Land Company (2254); Spurlock Mining, LLC (2899); Triad Mining, LLC (7713); and Triad Trucking, LLC (6112). The location of the Debtors' service address in these chapter 11 cases is 3228 Summit Square Place, Suite 180, Lexington, Kentucky 40509.

2   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Plan, as applicable.

and SOFAs, all as more fully set forth in the Motion; and upon the First Day Declaration; and this

Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and the Amended Standing Order; and this Court having found that this Court may enter a final

order consistent with Article III of the United States Constitution; and this Court having found that

venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and this Court having found that the relief requested in the Motion is in the best interests

of the Debtors' estates, their creditors, and other parties in interest; and this Court having found

that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were

appropriate under the circumstances and no other notice need be provided; and this Court having

reviewed the Motion and having heard the statements in support of the relief requested therein at

a hearing before this Court (the "Hearing"); and this Court having determined that the legal and

factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted

herein; and upon all of the proceedings had before this Court; and after due deliberation and

sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Confirmation Schedule is hereby approved.

3.      The Confirmation Hearing, at which time this Court will consider, among other

things, the adequacy of the Disclosure Statement and confirmation of the Plan, shall be held on

August 28, 2019, at 10 : 00 a.m., prevailing Eastern Time.

4.      Any objections to the adequacy of the Disclosure Statement or confirmation of the

Plan shall be filed on or before August 20, 2019, at 5:00 p.m., prevailing Eastern Time.

2

5.      Any brief in support of confirmation of the Plan and reply to any objections shall be filed on or before August 26, 2019, by noon, ~~at 5:00 p.m.~~, prevailing Eastern Time. To the extent applicable, the Local Rule 9006-1 is hereby waived in its entirety.

6.      Any objections to the Disclosure Statement or confirmation of the Plan or to the Debtors' proposed assumption of Executory Contracts and Unexpired Leases must:

  a.     be in writing;

  b.     comply with the Bankruptcy Rules and the Local Rules;

  c.     state the name and address of the objecting party and the amount and nature of the Claim or Interest owned by such entity;

  d.     state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and

  e.     be filed with this Court with proof of service thereof and served upon the Notice Parties (as defined in the Confirmation Hearing Notice) so as to be actually received by the Objection Deadline.

7.      Any objections not satisfying the requirements of this Order ~~shall~~ may not be considered and ~~shall~~ may be overruled.

8.      Pursuant to sections 1125 and 1126 of the Bankruptcy Code and applicable nonbankruptcy law, the Debtors are authorized to continue their prepetition solicitation in respect of the Plan, commenced on July 15, 2019, after the Petition Date. To the extent the Debtors received any acceptances or rejections prior to the Petition Date, the Debtors may count such Ballots.

~~9.      To the extent that section 1125(b) of the Bankruptcy Code requires that the Debtors' prepetition solicitation of acceptances for the Plan requires an approved disclosure statement to continue on a postpetition basis, the Court conditionally approves the Disclosure Statement as having adequate information as required by section 1125 of the Bankruptcy Code, without~~

3

prejudice to any party in interest objecting to the Disclosure Statement at the Confirmation Hearing. [struck through]

10.     The form of the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, and the Publication Notice, substantially in the form attached hereto as **Exhibit 2**, and service thereof comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

11.     The Debtors are authorized to enter into transactions to cause the Publication Notice to be published in the *New York Times* (*National Edition*), *Lexington Herald-Leader*, and the *Charleston Gazette-Mail* within five business days following entry of this Order, or as soon as reasonably practical thereafter, and to make reasonable payments required for such publication. The Publication Notice, together with the Notice provided for in the Motion, is deemed to be sufficient and appropriate under the circumstances.

12.     The Voting Record Date of July 11, 2019, and the Voting Deadline of July 26, 2019, at 5:00 p.m., prevailing Eastern Time, are approved.

13.     The Solicitation Procedures utilized by the Debtors for distribution of the Solicitation Packages as set forth in the Motion in soliciting acceptances and rejections of the Plan satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

14.     The Ballots, substantially in the form attached hereto as **Exhibits 3-A**, **3-B**, **3-C**, **3-D**, and **3-E**, are approved.

15.     The procedures used for tabulating votes to accept or reject the Plan as set forth in the Motion and as provided by the Ballots are approved.

16.     The Debtors are not required to mail a copy of the Plan or the Disclosure Statement to Holders of Claims or Interests that are (a) Unimpaired and conclusively presumed to accept the

4

Plan or (b) Impaired and deemed to reject the Plan, but ~~will~~ do so upon request from such Holders
shall
of Claims or Interests.

17.     The U.S. Trustee need not and shall not convene a meeting of creditors or equity

holders pursuant to section 341(e) of the Bankruptcy Code if the Plan is confirmed within 75 days

of the Petition Date, *provided* that such date may be further extended without further motion by

the Debtors, and upon further order from the Court submitted on certification of counsel filed on

the docket and served on the Notice Parties, with prior notice to the U.S. Trustee and any official

committee appointed in these cases, if any, (which notice may be by email), *provided, further*, that

this relief is without prejudice to the Debtors' rights to request further extensions thereof by motion

(including if the Debtors, the U.S. Trustee, and any committee appointed in these cases, if any, are

unable to reach agreement pursuant to the preceding proviso).

18.     Cause exists to waive the requirement that the Debtors file the Schedules and

SOFAs if the Plan is confirmed within 75 days of the Petition Date, without prejudice to the

Debtors' rights to request further extensions thereof; *provided* that such deadline to file the

Schedules and SOFAs may be further extended without further motion by the Debtors upon further

order from the Court submitted on certification of counsel filed on the docket and served on the

Notice Parties with prior notice to the U.S. Trustee and any official committee appointed in these

cases, if any, (which notice may be by email); *provided, further*, that this relief is without prejudice

to the Debtors' rights to request further extensions thereof by motion (including if the Debtors, the

U.S. Trustee, and any committee appointed in these cases, if any, are unable to reach agreement

pursuant to the preceding proviso).

KE 63142802

19.    Nothing contained in the Motion or this Order shall be deemed or construed as an admission as to the validity or priority of any claim or lien against the Debtors or any other party or as a waiver of such parties' rights to dispute any claim or lien.

20.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

21.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

22.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: July 22, 2019
Wilmington, Delaware

Honorable Laurie Selber Silverstein
United States Bankruptcy Judge

6

KE 63142802