IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BLACKHAWK MINING LLC, *et al.*,[1] | ) | Case No. 19-11595 (LSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN ADDITIONAL POSTPETITION FINANCING, (II) INCREASING THE AMOUNT OF INDEBTEDNESS SECURED BY LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (III) AUTHORIZING THE DEBTORS TO AMEND THE TERM DIP CREDIT AGREEMENT, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Blackhawk Mining LLC (the "Company"), and its affiliated debtors, each as a debtor and debtor in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") pursuant to sections 105, 363, 364(c), 364(d) and 364(e) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 4001(b), (c), and (d), 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") seeking, among other things, a supplemental order (the "Interim Additional

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Blackhawk Mining LLC (5600); Blackhawk Coal Sales, LLC (9456); Blackhawk Land and Resources, LLC (7839); Blackhawk River Logistics, LLC (3388); Blue Creek Mining, LLC (2427); Blue Diamond Mining, LLC (3488); Eagle Shield, LLC (6721); FCDC Coal, Inc. (6188); Guyandotte Mining, LLC (4882); Hampden Coal, LLC (8241); Kanawha Eagle Mining, LLC (0586); Logan & Kanawha, LLC (3178); Panther Creek Mining, LLC (0627); Pine Branch Land, LLC (9661); Pine Branch Mining, LLC (9681); Pine Branch Resources, LLC (9758); Redhawk Mining, LLC (0852); Rockwell Mining, LLC (3874); Spruce Pine Land Company (2254); Spurlock Mining, LLC (2899); Triad Mining, LLC (7713); and Triad Trucking, LLC (6112). The location of the Debtors' service address in these chapter 11 cases is 3228 Summit Square Place, Suite 180, Lexington, Kentucky 40509.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Final DIP Order (as defined in the Motion) or the Motion, as applicable.

Financing Order"), which shall be granted as an interim order that is subject to a final order (the "Final Additional Financing Order") after a subsequent hearing (the "Final Hearing") on such relief as set forth herein, authorizing the Debtors to:

    (i)    obtain additional postpetition financing (the "Additional Financing") consisting of a senior secured superpriority debtor-in-possession term loan facility (the "Additional Facility") in an aggregate principal amount of up to $35,000,000 (the loans made thereunder, the "Additional Loans") pursuant to the terms and conditions set forth in the term sheet attached as **Exhibit 1** to **Exhibit A** of the Motion (the "Additional Financing Term Sheet"),[3] including, without limitation, that the Additional Financing shall be on substantially the same terms as, and ranking *pari passu* in right of payment and of security with, the New Money Term DIP Loans, subject to the exceptions set forth in the Additional Financing Term Sheet (the "Additional Financing Modifications");

    (ii)    execute and enter into the Amendment and to perform their respective obligations thereunder and all such other and further acts as may be necessary, appropriate, or desirable in connection with the Additional Financing Term Sheet and the Additional Financing Documents.

and due and appropriate notice of the Motion and the Interim Hearing (as defined below), under the circumstances, having been served by the Debtors on the parties identified in the Motion, and it appearing that no other or further notice need be provided; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having reviewed the Motion; and the hearing on the Motion having been noticed and held by this Court on October 7, 2019 (the "Interim Hearing"); and the Court having entered the Final DIP Order; and the relief requested in the Motion being in the best interests of the Debtors, their creditors and their estates and all other parties in interest in these Chapter 11 Cases; and the Court having determined that the relief requested in the Motion is necessary to avoid irreparable

---

[3] The Additional Financing Term Sheet shall be superseded and replaced in all respects by an amendment to the Term DIP Credit Agreement to be executed by the Borrower, the Term DIP Agent and the requisite Term DIP Lenders under the Term DIP Credit Agreement, which shall be in form and substance consistent with the Additional Financing Term Sheet (the "Amendment" and, together with the Additional Financing Term Sheet and the Term DIP Credit Agreement, the "Additional Financing Documents") and this Interim Additional Financing Order.

2

#92510462v2

harm; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record made by the Debtors in the Motion, the Nystrom Declaration, the Puntus Declaration, the Additional Financing Documents, and in the evidence submitted and arguments made by the Debtors at the Interim Hearing, and after due deliberation and sufficient cause appearing therefor;

IT IS FOUND, DETERMINED, ORDERED AND ADJUDGED, that:

1. *Disposition.* The relief requested in the Motion is GRANTED ON AN INTERIM BASIS in accordance with the terms of this Interim Additional Financing Order. The Additional Financing is authorized and approved in an aggregate principal amount of up to $25 million on an interim basis and, subject to entry of the Final Additional Financing Order, $35 million on a final basis, subject to the terms and conditions set forth in the Additional Financing Documents, this Interim Additional Financing Order and the Final DIP Order (as modified by this Interim Additional Financing Order). Any and all objections to the Motion with respect to the entry of this Interim Additional Financing Order that have not been withdrawn, waived, settled, or resolved and all reservations of rights included therein, are hereby denied and overruled on the merits. This Interim Additional Financing Order shall become effective immediately upon its entry.

2. *Jurisdiction and Venue.* This Court has core jurisdiction over the Chapter 11 Cases, the Motion and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. Venue for the Chapter 11 Cases and proceedings on the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

#92510462v2

3. *Notice.* Appropriate notice of the Motion has, under the circumstances, been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules. No other or further notice of the Motion or the entry of this Interim Additional Financing Order shall be required. The relief granted herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

4. *Authorization of the Additional Financing and the Amendment.*

(a) The Company is authorized to borrow money pursuant to the Additional Financing Documents and the Guarantors (as defined in the Term DIP Credit Agreement) are authorized to guaranty the obligations (the "Additional Obligations") of the Company with respect to such borrowings, in each case up to an aggregate principal amount equal to $25,000,000 on an interim basis and, subject to entry of the Final Additional Financing Order, $35,000,000 on a final basis, subject to any limitations on borrowing under the Amendment or the Term DIP Documents, which shall be used for all purposes permitted under the Amendment and the Term DIP Documents, including, without limitation, to pay certain costs, fees and expenses related to the Chapter 11 Cases, to pay the Adequate Protection Obligations, to fund the working capital needs, capital improvements and expenditures of the Debtors and for general corporate purposes during the Chapter 11 Cases, in each case in accordance with this Interim Additional Financing Order, the Final DIP Order (as modified by this Interim Additional Financing Order), the Additional Financing Documents and the Term DIP Documents.

(b) In furtherance of the foregoing and without further approval of this Court, the Company is authorized to enter into the Amendment, and each Debtor is authorized to make, execute and deliver all instruments and documents and to pay all fees in connection with or that may be reasonably required, necessary or desirable for such Debtor's performance of its

obligations under or related to the Additional Financing and the Additional Financing Documents.

5.  *Findings Regarding the Additional Financing.*

(a)  Good and sufficient cause has been shown for the entry of this Interim Additional Financing Order.

(b)  The Term DIP Loan Parties have an immediate need to obtain the Additional Loans in order to permit, among other things, the orderly continuation of the operation of their businesses, to maintain business relationships with vendors, suppliers, customers, and employees, to satisfy other working capital and operational needs, to pay administrative costs, and to bridge to emergence from the Chapter 11 Cases. The access of the Term DIP Loan Parties to sufficient working capital and liquidity through the incurrence of new indebtedness and other financial accommodations is necessary and vital to the preservation and maintenance of the going concern values of the Term DIP Loan Parties and to a successful reorganization of the Term DIP Loan Parties.

(c)  The Additional Financing is the best and only available financing option for the Term DIP Loan Parties under the circumstances. The Term DIP Loan Parties are unable to obtain financing on more favorable terms from sources other than the Term DIP Lenders under the Amendment, and are unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense. The Term DIP Loan Parties are also unable to obtain secured credit on more favorable terms than the Additional Loans through secured credit allowable under sections 364(c)(1), 364(c)(2) and 364(c)(3) of the Bankruptcy Code without the Term DIP Loan Parties granting to the Term DIP Secured Parties, subject to the Carve-Out, the Term DIP Liens and the DIP Superpriority Claims under the terms

and conditions set forth in this Interim Additional Financing Order and in the Additional Financing Documents.

(d)  For the avoidance of doubt, the effectiveness of the Amendment and the amendments set forth herein are subject to the consent thereto of the applicable requisite parties under the Term DIP Credit Agreement.

(e)  The terms of the Additional Financing are fair and reasonable, reflect the Term DIP Loan Parties' exercise of prudent business judgment consistent with their fiduciary duties and constitute reasonably equivalent value and fair consideration.

(f)  The terms of the Additional Financing have been negotiated in good faith and at arm's length among the Term DIP Loan Parties and the Term DIP Secured Parties, and all of the Term DIP Loan Parties' obligations and indebtedness arising under, in respect of, or in connection with the Additional Financing Documents, including, without limitation, all Additional Loans made to the Term DIP Loan Parties pursuant to the Additional Financing Documents, shall be deemed to have been extended by the Term DIP Agent and the Term DIP Lenders in good faith, as that term is used in section 364(e) of the Bankruptcy Code and in express reliance upon the protections offered by section 364(e) of the Bankruptcy Code, and the Term DIP Agent and the Term DIP Lenders (and the successors and assigns thereof, solely in their capacity as such) shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this Interim Additional Financing Order or any provision hereof is vacated, reversed, or modified, on appeal or otherwise.

6.  *Privileges and Protections.*

(a)  All liens, security interests, priorities and other rights, remedies, benefits, privileges and protections provided to the lenders providing New Money Term DIP Loans and

the Term DIP Agent in the Final DIP Order and the Term DIP Documents with respect to or relating to the Term DIP Financing, as modified by the Additional Financing Modifications, shall apply with equal force and effect with respect to the Additional Financing, the Additional Financing Documents and all obligations in connection therewith or related thereto. The Additional Loans will rank *pari passu* in right of payment and security with the New Money Term DIP Loans, except that (i) the New Money Term DIP Liens shall be subject and subordinate to the liens in respect of the Additional Loans on the Specified Owned Assets and (ii) the Additional Financing Modifications regarding payment priorities between the Additional Loans and the New Money Term DIP Loans shall apply. In furtherance of the foregoing, except as modified by this Interim Additional Financing Order and the Additional Financing Modifications, for all purposes under the Final DIP Order the defined terms (a) "New Money Term DIP Loans" shall include the Additional Loans, (b) "Term DIP Facility" shall include the Additional Facility, (c) "Term DIP Financing" shall include the Additional Financing, (d) "Term DIP Obligations" shall include the Additional Obligations, (e) "Term DIP Documents" shall include the Amendment, and (f) "Term DIP Lenders" shall include each Lender providing an Additional New Money DIP Term Loan Commitment. The Additional Obligations shall constitute DIP Superpriority Claims under the Final DIP Order, subject to the payment priorities set forth in the Additional Financing Modifications.

(b)    The Additional Loans made pursuant to the Additional Facility shall be subject to the DIP ICA.

7.    *The Final DIP Order.* The terms of the Final DIP Order are incorporated herein and made part of this Interim Additional Financing Order. Except as expressly modified by this Interim Additional Financing Order, the Final DIP Order shall remain unchanged and in full

force and effect. All factual and other findings and conclusions of law contained in the Final DIP Order shall remain fully applicable, including with respect to the Additional Financing, except to the extent specifically modified herein. In the event of any inconsistency among the provisions of this Interim Additional Financing Order, the Final DIP Order and the definitive documents related to the Additional Financing, the provisions of the Final DIP Order shall govern, except as expressly modified by this Interim Additional Financing Order.

*Rights of DIP ABL Secured Parties Unaffected.* For the avoidance of doubt, nothing in this Interim Additional Financing Order or the Amendment is intended to nor shall alter, impair, or otherwise affect the claims, liens and security interests, or the priority thereof, or the other rights and interests of the DIP ABL Secured Parties under the Final DIP Order, the DIP ICA, and the DIP ABL Financing Documents, or the Prepetition ABL Secured Parties under the Final DIP Order, the Prepetition Intercreditor Agreements, and the Prepetition ABL Financing Documents.

8. *Binding Effect; Successors and Assigns.* The provisions of this Interim Additional Financing Order, including all findings herein, shall be binding upon all parties in interest in the Chapter 11 Cases, including, without limitation, the DIP Agents, the DIP Lenders, any statutory or non-statutory committees appointed or formed in the Chapter 11 Cases, the Debtors and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of any of the Debtors, an examiner appointed pursuant to section 1104 of the Bankruptcy Code or any other fiduciary appointed as a legal representative of any of the Debtors or with respect to the property of the estate of any of the Debtors) and shall inure to the benefit of the Term DIP Agent, the Term DIP Lenders and the Debtors and their respective successors and assigns; *provided* that the DIP Agent and the DIP Lenders shall have

no obligation to extend any financing to any chapter 7 trustee, chapter 11 trustee or similar responsible person appointed for the estates of the Debtors.

9. *Liens*. All liens and priority granted to the Term DIP Lenders and the Term DIP Agent pursuant to this Interim Additional Financing Order, including the Additional Financing Liens, shall be deemed effective and perfected upon the date of this Interim Additional Financing Order and without the necessity of the execution, recordation or filing by the Term DIP Loan Parties of mortgages, security agreements, control agreements, pledge agreements, financing statements or other similar documents, or the possession or control by the Term DIP Agent of, or over, any Term DIP Collateral.

10. *Headings*. Section headings used herein are for convenience only and are not to affect the construction of or to be taken into consideration in interpreting this Interim Additional Financing Order.

11. *Effectiveness*. This Interim Additional Financing Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable immediately upon entry hereof. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9014, or any Local Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Interim Additional Financing Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Interim Additional Financing Order.

12. *Retention of Jurisdiction*. The Court shall retain jurisdiction to implement, interpret and enforce the provisions of this Interim Additional Financing Order, and this retention of jurisdiction shall survive the confirmation and consummation of any chapter 11 plan for any one or more of the Debtors notwithstanding the terms or provisions of any such chapter 11 plan or any order confirming any such chapter 11 plan.

#92510462v2

13.     *Final Hearing.*  The Final Hearing is scheduled for October 25, 2019 at 2:00 pm prevailing Eastern Time before this Court.

14.     *Objections.*  Any party in interest objecting to the relief sought at the Final Hearing shall file and serve written objections, which objections shall be served upon:

(a)  counsel to the Debtors, (i) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654 (attn.: Ross M. Kwasteniet, P.C. (rkwasteniet@kirkland.com), Joseph M. Graham (joe.graham@kirkland.com)); 601 Lexington Ave, New York, NY 10022 (attn.: Stephen E. Hessler (stephen.hessler@kirkland)) and (ii) Potter Anderson & Corroon LLP, 1313 N. Market St., 6th Floor, Wilmington, DE 19801 (attn.: L. Katherine Good (kgood@potteranderson.com));

(b)  counsel to the DIP ABL Agent, (i) Hogan Lovells US LLP, 390 Madison Avenue, New York, NY 10017 (attn.: Deborah Staudinger (deborah.staudinger@hoganlovells.com), Alex Sher (alex.sher@hoganlovells.com)) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347 (attn.: Matthew B. Harvey (mharvey@mnat.com), Eric D. Schwartz (eschwartz@mnat.com));

(c)  counsel to the Term DIP Agent and Prepetition First Lien Term Loan Agent, Herrick Feinstein LLP, Two Park Ave, New York, NY 10016 (attn.: Eric A. Stabler (EStabler@herrick.com), Steven Smith (ssmith@herrick.com));;

(d)  Counsel to the Prepetition Second Lien Term Loan Agent, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038 (attn..: Elizabeth A. Loonam (eloonam@stroock.com), Alex Cota (acota@stroock.com), Gabriel Sasson (gsasson@stroock.com); and

(e)  Counsel to the Crossover Group, (i) Davis Polk & Wardwell LLP, 450 Lexington Ave, New York, NY 10017 (attn.: Brian Resnick (brian.resnick@davispolk.com), Dylan Consla (dylan.consla@davispolk.com) and Daniel Meyer (daniel.meyer@davispolk.com)); and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (attn.: Mark D. Collins (collins@rlf.com) and Paul N. Heath (heath@rlf.com));

(f)  Counsel to the First Lien Group, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022 (attn.: Fredric Sosnick (fsosnick@shearman.com), and Ned S. Schodek (ned.schodek@sheaman.com)) and Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, Wilmington, DE 19899 (attn: Don. A Beskrone (dbeskrone@ashbygeddes.com));

(g)  the U.S. Trustee; and

10

#92510462v2

(h)　　any other party that has filed a request for notices with this Court,

by the foregoing no later than October 18, 2019 at 4:00 p.m. prevailing Eastern Time.

15.　　The Debtors shall within two (2) business days of its entry serve copies of this Interim Additional Financing Order (which shall constitute adequate notice of the Final Hearing) to the parties having been given notice of the Interim Hearing, to any party that has filed a request for notices with this Court.

*[signature]*
**LAURIE SELBER SILVERSTEIN**
UNITED STATES BANKRUPTCY JUDGE

Dated: Oct. 7, 2019
Wilmington, Delaware

#92510462v2

**Exhibit 1**

# BLACKHAWK MINING LLC
## ADDITIONAL DIP TERM FACILITY TERM SHEET

This term sheet (the "**Additional DIP Term Facility Term Sheet**") sets forth the principal terms of a new debtor-in-possession facility (the "**Additional DIP Term Facility**") which may be established as a new tranche under the Secured Debtor-In-Possession Credit Agreement among the Borrower, the DIP Term Agent and the other financial institutions party thereto, dated as of July 23, 2019 (as amended, supplemented or otherwise modified from time to time prior to the Additional Facility Closing Date (as defined below), the "**Existing DIP Term Loan Credit Agreement**"; the loans thereunder existing prior to the Additional Facility Closing Date, the "**Existing DIP Term Loans**"; the holders of the Existing DIP Term Loans, the "**Existing DIP Term Lenders**"; and the Existing DIP Term Loans that are New Money Loans, the "**Existing New Money DIP Term Loans**") pursuant to an amendment thereto (the "**DIP Term Amendment**") or, at the election of either Knighthead or the Required Additional DIP Term Lenders, as a separate credit facility[1] (the "**Additional DIP Term Loan Credit Agreement**; the definitive documentation for the Additional DIP Term Facility, whether in the form of the DIP Term Amendment or the Additional DIP Term Loan Credit Agreement, the "**Additional DIP Facility Documentation**"). Capitalized terms used and not otherwise defined herein shall have the meaning assigned to them in the Existing DIP Term Loan Credit Agreement or the Restructuring Support Agreement dated as of July 15, 2019 (as amended, restated, supplemented or otherwise modified from time to time, the "**Restructuring Support Agreement**"), as applicable.

| SUMMARY OF PRINCIPAL TERMS | |
|---|---|
| **Borrower** | Blackhawk Mining LLC, as a debtor and debtor-in-possession (the "**Borrower**" or the "**Company**"). |
| **Guarantors** | Same as in the Existing DIP Term Loan Credit Agreement. |
| **DIP Term Agent** | Cantor Fitzgerald Securities, as administrative agent and collateral agent (in such capacities, the "**DIP Term Agent**"). |
| **Additional DIP Term Lenders** | Funds managed or advised by Knighthead Capital Management, LLC (such applicable funds, "**Knighthead**") and the other Existing New Money DIP Term Lenders (as defined below) or their designated affiliates that choose to participate in the Additional DIP Term Facility (collectively, the "**Additional DIP Term Lenders**"). <br><br> The aggregate amount of the Additional New Money DIP Term Loan Commitments (as defined below) will be offered for participation to each holder of the Existing New Money DIP Term Loans under the Existing DIP Term Loan Credit Agreement (each, an "**Existing New Money DIP Term Lender**"), in each case up to such Existing New Money DIP Term Lender's pro rata share of the Existing New Money DIP Term Loans. Knighthead has agreed to provide the full amount of the Additional New Money DIP Term Loan Commitments. To the extent any other Existing New Money DIP Term Lender (other than Knighthead) desires to provide Additional New Money DIP Term Loan Commitments, such Existing New Money DIP Term Lender may, prior to the entry of the Additional DIP Interim Order (as defined below), elect to provide Additional New Money DIP Term Loan Commitments up to its pro |

---

[1] Upon the exercise of such election, the Company shall support and take all actions commercially reasonably necessary to effectuate such election.

#92460278v34

|  | rata share of the Existing New Money DIP Term Loans by either (i) submitting a signature page to the Fourth Amendment To Restructuring Support Agreement indicating that it agrees to be added to Exhibit C thereto or (ii) entering into a written agreement evidencing its Additional New Money DIP Term Loan Commitment (a "**Participating Existing New Money DIP Term Lender**"), in which case the Additional New Money DIP Term Loan Commitments of Knighthead at the time of such election shall be reduced on a pro rata basis by the aggregate amount of the Additional New Money DIP Term Loan Commitments of such Participating Existing New Money DIP Term Lender. |
|---|---|
| **Amount & Type** | A senior secured debtor-in-possession U.S. dollar term loan facility (which may be established as a new tranche under the Existing DIP Term Loan Credit Agreement or as a separate credit facility) in an aggregate principal amount not to exceed $35 million (the commitments under the Additional DIP Term Facility, the "**Additional New Money DIP Term Loan Commitments**"; the loans under the Additional DIP Term Facility, the "**Additional New Money DIP Term Loans**"), subject to the terms and conditions set forth in this Additional DIP Term Facility Term Sheet and as otherwise agreed between the Additional DIP Term Lenders and the Borrower. The borrowing of Additional New Money DIP Term Loans shall permanently decrease the Additional New Money DIP Term Loan Commitments, and any Additional New Money DIP Term Loans repaid may not be reborrowed. For the avoidance of doubt, the Additional New Money DIP Term Loans shall constitute a separate class from the Existing DIP Term Loans.<br><br>The Additional DIP Term Lenders shall make the Additional New Money DIP Term Loans available to the Borrower in up to two draws in the following manner (in each case upon the satisfaction of the conditions precedent described below), with each such draw to be made no later than November 30, 2019:<br><br>(a) A first draw of Additional New Money DIP Term Loans in an aggregate principal amount of up to $25 million.<br><br>(b) A second draw of Additional New Money DIP Term Loans in an aggregate principal amount of up to $10 million. |
| **Termination Date** | Same as for Existing DIP Term Loans. |
| **Exit Financing** | Upon confirmation of the Acceptable Plan of Reorganization and the Company's emergence from bankruptcy, the Additional New Money DIP Term Loans will be converted into exit term loans in accordance with such Acceptable Plan of Reorganization and the Restructuring Support Agreement. |
| **Interest Rate** | LIBOR + 9.50% per annum, with a LIBOR floor of 0.50%. |
| **Default Interest** | Same as for the Existing DIP Term Loans. |
| **Amortization** | None. Same as for the Existing DIP Term Loans. |
| **Mandatory Prepayments** | Same as for the Existing DIP Term Loans, except that with respect to the net proceeds of any sale of assets (including, for the avoidance of doubt, certain of |

| | |
|---|---|
| | the Company's specified, owned coal reserves in northern West Virginia (the "**Specified Owned Assets**")[2]), such proceeds shall be applied, first, to repayment of the Additional New Money DIP Term Loans until repaid in full and second, to repayment of the Existing DIP Term Loans; *provided* that, with respect to the net proceeds of any sale of the Specified Owned Assets (the "**Specified Sale Proceeds**"), the Company shall, subject to a pro forma minimum liquidity test to be agreed that gives effect to the portion of the Specified Sale Proceeds retained by the Company, promptly (and in any event within a time period to be agreed) following receipt thereof, apply the Specified Sale Proceeds to prepay the Additional New Money DIP Term Loans in an amount up to 75% of the aggregate principal amount of the Additional New Money DIP Term Loans (with the balance to be retained by the Company); *provided, further,* that if the sale of the Specified Owned Assets is consummated at a time when there exist any unused Additional New Money DIP Term Loan Commitments, all of the Specified Sale Proceeds shall be deposited into an escrow account on terms reasonably satisfactory to the Required Additional DIP Term Lenders (as defined below) until an agreement in writing is entered into by the Required Additional DIP Term Lenders and the Company as to the application of the Specified Sale Proceeds. |
| **Voluntary Prepayments** | Same as for Existing DIP Term Loans, except that any voluntary prepayment shall be applied, first, to repayment of the Additional New Money DIP Term Loans until repaid in full and second, to repayment of the Existing DIP Term Loans. |
| **Additional DIP Interim Order** | The order approving the Additional DIP Term Facility, which shall be in form and substance acceptable to the Required Additional DIP Term Lenders and the required lenders under the Existing DIP Term Loan Credit Agreement (the "**Additional DIP Interim Order**") and shall, among other things, authorize and approve (i) the borrowing and making of the Additional New Money DIP Term Loans in an aggregate amount up to $25 million, (ii) the terms and conditions set forth in this Additional DIP Term Facility Term Sheet, (iii) the payment of all reasonable and documented fees and expenses (including the fees and expenses of outside counsel) required to be paid to the DIP Term Agent, the Existing DIP Term Lenders and the Additional DIP Term Lenders as described in Section 11.01(a)(i) of the Existing DIP Term Loan Credit Agreement by the Debtors and (iv) the payment of the fees described under the heading "Fees" below, which payment shall not be subject to reduction, setoff or recoupment. |
| **Additional DIP Final Order** | The final order approving the Additional DIP Term Facility, which shall be substantially in the same form as the Additional DIP Interim Order (with such modifications as are necessary to convert the Additional DIP Interim Order into a final order) and in form and substance acceptable to the Required Additional DIP Term Lenders and the required lenders under the Existing DIP Term Loan Credit Agreement (the "**Additional DIP Final Order**" and, together with the Additional DIP Interim Order, the "**Additional DIP Orders**"), shall, among other things, authorize and approve the Borrower to draw the full amount of the Additional New Money DIP Term Loan Commitments. |

---

[2] For the avoidance of doubt, no DIP ABL Priority Collateral (as defined in that certain Debtor-in-Possession ABL Intercreditor Agreement, dated as of July 23, 2019) shall be considered "Specified Owned Assets", including, without limitation, any inventory or as-extracted collateral.

3

#92460278v34

| | |
|---|---|
| **DIP Collateral** | Same as for the Existing New Money DIP Term Loans. |
| **Priority Under the DIP Term Facility** | Same as for the Existing New Money DIP Term Loans and *pari passu* with the liens securing the Existing New Money DIP Term Loans, except that (i) the liens on the Specified Owned Assets securing the Additional New Money DIP Term Loans shall be senior in priority to the liens thereon securing the Existing DIP Term Loans and (ii) the Additional New Money DIP Term Loans shall be placed ahead of the Existing DIP Term Loans in the default waterfall provisions; *provided* that, in the case of the DIP Term Amendment, clauses (i) and (ii) and, in the case of the Additional DIP Term Loan Credit Agreement, solely clause (i), shall be subject to obtaining the consent of each affected Existing DIP Term Lender.<br><br>Solely in the case of the DIP Term Amendment, in the event that any affected Existing DIP Term Lender does not consent to the DIP Term Amendment (any such Existing DIP Term Lender, a "**Non-Consenting Existing DIP Term Lender**"; and the consenting Existing DIP Term Lenders, the "**Consenting Existing DIP Term Lenders**"), (i) the liens on the Specified Owned Assets securing the Additional New Money DIP Term Loans will be *pari passu* with the liens thereon securing the Existing New Money DIP Term Loans of the Non-Consenting Existing DIP Term Lenders, but, for the avoidance of doubt, will be senior in priority to the liens thereon securing the Existing New Money DIP Term Loans of the Consenting Existing DIP Term Lenders and (ii) the Additional New Money DIP Term Loans shall be *pari passu* with the Existing New Money DIP Term Loans of the Non-Consenting Existing DIP Term Lenders in the default waterfall provisions, but, for the avoidance of doubt, will be placed head of the Existing New Money DIP Term Loans of the Consenting Existing DIP Term Lenders in the default waterfall provisions.<br><br>Solely in the case of the Additional DIP Term Loan Credit Agreement, the liens on the Specified Owned Assets securing the Additional New Money DIP Term Loans will be *pari passu* with the liens thereon securing the Existing New Money DIP Term Loans of the Non-Consenting Existing DIP Term Lenders, but, for the avoidance of doubt, will be senior in priority to the liens thereon securing the Existing New Money DIP Term Loans of the Consenting Existing DIP Term Lenders. |
| **Milestones** | Same as in the Existing DIP Term Loan Credit Agreement. |
| **Events of Default** | Same as in the Existing DIP Term Loan Credit Agreement. |
| **Conditions Precedent to Closing** | Usual and customary for financings of this type, including, without limitation: (i) execution and delivery of the Additional DIP Facility Documentation; (ii) entry of the Additional DIP Interim Order; and (iii)(A) if the Additional DIP Term Facility is established as a separate credit facility, (1) the effectiveness of an amendment to the Existing DIP Term Loan Credit Agreement permitting the incurrence of the Additional DIP Term Facility and (2) the entry into an intercreditor agreement governing the relative priority between the Existing DIP Term Loans and the Additional New Money DIP Term Loans and (B) if the Additional DIP Term Facility is established as a new tranche under the Existing DIP Term Loan Credit Agreement, the effectiveness of an amendment to the Existing DIP Term Loan Credit Agreement permitting the incurrence of the Additional DIP Facility on the terms and conditions set forth in this Additional DIP Term Facility Term Sheet (the date on which such conditions are satisfied, the "**Additional Facility** |

#92460278v34

| | Closing Date"). |
|---|---|
| **Conditions Precedent to the Funding of each Additional New Money DIP Term Loan** | Usual and customary for financings of this type, including, without limitation: (i) no default or event of default; (ii) accuracy of representations and warranties in all material respects; (iii) the Additional DIP Interim Order or the Additional DIP Final Order, as applicable, shall be in full force and effect and shall not have been vacated or reversed, shall not be subject to a stay, and shall not have been modified or amended in any respect without the consent of the Required Additional DIP Term Lenders; (iv) delivery of a customary notice of borrowing and (v) each funding thereunder occurs no later than November 30, 2019. |
| **Covenants** | Same as in the Existing DIP Term Loan Credit Agreement. |
| **Financial Covenant** | Same as in the Existing DIP Term Loan Credit Agreement. |
| **Representations and Warranties** | Same as in the Existing DIP Term Loan Credit Agreement. |
| **Voting** | Same as for Existing DIP Term Loans, *provided* that amendments and waivers that affect solely the Additional New Money DIP Term Loans will require the consent of Lenders holding more than 50% of the aggregate Additional New Money DIP Term Loan Commitments and Additional New Money DIP Term Loans and any amendments shall be subject to the terms of the relevant intercreditor agreement (the "**Required Additional DIP Term Lenders**"). |
| **Fees and Expenses; Indemnification** | Same as in the Existing DIP Term Loan Credit Agreement. |
| **Fees** | (a) *Original Issue Discount*: 1.00% of the aggregate principal amount of the Additional New Money DIP Term Loan Commitments, which shall be due and payable on the applicable funding date thereof to the Additional DIP Term Lenders in the form of original issue discount.<br><br>(b) *Exit Fee*: 2.50% of the aggregate principal amount of the Additional New Money DIP Term Loans, which shall be due and payable in cash on the Termination Date or, in the case of Additional New Money DIP Term Loans prepaid in whole or in part prior to the Termination Date, on the date of such prepayment.<br><br>(c) *Backstop Fee*: 3.00% of the aggregate equity interests of the reorganized Borrower otherwise allocable in respect of the Roll-Up Loans and the outstanding Pre-Petition First Lien Term Loans held by the Existing New Money DIP Term Lenders who do not elect to participate, or designate an affiliate to participate on their behalf, in the Additional DIP Term Facility (each a "**Non-Participating Lender**") pursuant to the Acceptable Plan of Reorganization, shall be reallocated from each Non-Participating Lender to Knighthead on the effective date of the Acceptable Plan of Reorganization. |
| **Assignments and Participations** | Same as in the Existing DIP Term Loan Credit Agreement. |
| **Governing Law** | The laws of the State of New York (excluding the laws applicable to conflicts or choice of law), except as governed by the Bankruptcy Code. |
| **Yield Protection** | Same as in the Existing DIP Term Loan Credit Agreement. |
| **Counsel to DIP Term Agent** | Herrick, Feinstein LLP. |

#92460278v34