## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BLACKHAWK MINING LLC, *et al.*,[1] | Case No. 19-11595 (LSS) |
| Debtors. | Jointly Administered |

### FINAL ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN ADDITIONAL POSTPETITION FINANCING, (II) INCREASING THE AMOUNT OF INDEBTEDNESS SECURED BY LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (III) AUTHORIZING THE DEBTORS TO AMEND THE TERM DIP CREDIT AGREEMENT, AND (IV)  GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Blackhawk Mining LLC (the "Company"), and its affiliated debtors, each as a debtor and debtor in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") pursuant to sections 105, 363, 364(c), 364(d) and 364(e) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 4001(b), (c), and (d), 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  Blackhawk Mining LLC (5600); Blackhawk Coal Sales, LLC (9456); Blackhawk Land and Resources, LLC (7839); Blackhawk River Logistics, LLC (3388); Blue Creek Mining, LLC (2427); Blue Diamond Mining, LLC (3488); Eagle Shield, LLC (6721); FCDC Coal, Inc. (6188); Guyandotte Mining, LLC (4882); Hampden Coal, LLC (8241); Kanawha Eagle Mining, LLC (0586); Logan & Kanawha, LLC (3178); Panther Creek Mining, LLC (0627); Pine Branch Land, LLC (9661); Pine Branch Mining, LLC (9681); Pine Branch Resources, LLC (9758); Redhawk Mining, LLC (0852); Rockwell Mining, LLC (3874); Spruce Pine Land Company (2254); Spurlock Mining, LLC (2899); Triad Mining, LLC (7713); and Triad Trucking, LLC (6112).  The location of the Debtors' service address in these chapter 11 cases is 3228 Summit Square Place, Suite 180, Lexington, Kentucky 40509.

[2]   Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Final DIP Order (as defined in the Motion) or the Motion, as applicable.

Bankruptcy Rules") seeking, among other things, a supplemental final order (the "Final Additional Financing Order") authorizing the Debtors to:

> (i) obtain additional postpetition financing (the "Additional Financing") consisting of a senior secured superpriority debtor-in-possession term loan facility (the "Additional Facility") in an aggregate principal amount of up to $35,000,000 (the loans made thereunder, the "Additional Loans") pursuant to the terms and conditions set forth in the term sheet attached as **Exhibit 1** to **Exhibit A** of the Motion (the "Additional Financing Term Sheet"),[3] including, without limitation, that the Additional Financing shall be on substantially the same terms as, and ranking *pari passu* in right of payment and of security with, the New Money Term DIP Loans, subject to the exceptions set forth in the Additional Financing Term Sheet (the "Additional Financing Modifications");

> (ii) execute and enter into the Amendment and to perform their respective obligations thereunder and all such other and further acts as may be necessary, appropriate, or desirable in connection with the Additional Financing Term Sheet and the Additional Financing Documents.

and due and appropriate notice of the Motion and the Final Hearing (as defined below) having been served by the Debtors on the parties identified in the Motion, and it appearing that no other or further notice need be provided; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having reviewed the Motion; and pursuant to Bankruptcy Rule 4001, the interim hearing on the Motion having been noticed and held by this Court on October 7, 2019 (the "Interim Hearing"); and the *Interim Order (I) Authorizing the Debtors to Obtain Additional Postpetition Financing, (II) Increasing the Amount of Indebtedness Secured by Liens and Providing Superpriority Administrative Expense Status, (III) Authorizing the Debtors to Amend the Term DIP Credit Agreement, and (IV) Granting Related Relief* [D.I. 294] having been entered by this Court on October 7, 2019;

---

[3]    The Additional Financing Term Sheet shall be superseded and replaced in all respects by an amendment to the Term DIP Credit Agreement to be executed by the Borrower, the Term DIP Agent and the requisite Term DIP Lenders under the Term DIP Credit Agreement, which shall be in form and substance consistent with the Additional Financing Term Sheet (the "Amendment" and, together with the Additional Financing Term Sheet and the Term DIP Credit Agreement, the "Additional Financing Documents") and this Final Additional Financing Order.

and the final hearing on the Motion having been noticed and held by this Court on October 25, 2019 (the "Final Hearing"); and the Court having entered the Final DIP Order; and the relief requested in the Motion being in the best interests of the Debtors, their creditors and their estates and all other parties in interest in these Chapter 11 Cases; and the Court having determined that the relief requested in the Motion is necessary to avoid irreparable harm; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record made by the Debtors in the Motion, the Nystrom Declaration, the Puntus Declaration, the Additional Financing Documents, and in the evidence submitted and arguments made by the Debtors at the Interim Hearing and the Final Hearing, and after due deliberation and sufficient cause appearing therefor;

IT IS FOUND, DETERMINED, ORDERED AND ADJUDGED, that:

1.    *Disposition.*  The relief requested in the Motion is GRANTED in accordance with the terms of this Final Additional Financing Order.  The Additional Financing is authorized and approved, subject to the terms and conditions set forth in the Additional Financing Documents, this Final Additional Financing Order and the Final DIP Order (as modified by this Final Additional Financing Order).  Any and all objections to the Motion with respect to the entry of this Final Additional Financing Order that have not been withdrawn, waived, settled, or resolved and all reservations of rights included therein, are hereby denied and overruled on the merits. This Final Additional Financing Order shall become effective immediately upon its entry.

2.    *Jurisdiction and Venue.*  This Court has core jurisdiction over the Chapter 11 Cases, the Motion and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334 and the Amended Standing Order of Reference from the United States District Court

#92540740v2

for the District of Delaware, dated February 29, 2012.  Venue for the Chapter 11 Cases and

proceedings on the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      *Notice*.  Appropriate notice of the Motion has been provided in accordance with

the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.  No other or

further notice of the Motion or the entry of this Final Additional Financing Order shall be

required.  The relief granted herein is necessary to avoid irreparable harm to the Debtors and

their estates.

4.      *Authorization of the Additional Financing and the Amendment*.

(a)      The Company is authorized to borrow money pursuant to the Additional

Financing Documents and the Guarantors (as defined in the Term DIP Credit Agreement) are

authorized to guaranty the obligations (the "Additional Obligations") of the Company with

respect to such borrowings, in each case up to an aggregate principal amount equal to

$35,000,000, subject to any limitations on borrowing under the Amendment or the Term DIP

Documents, which shall be used for all purposes permitted under the Amendment and the Term

DIP Documents, including, without limitation, to pay certain costs, fees and expenses related to

the Chapter 11 Cases, to pay the Adequate Protection Obligations, to fund the working capital

needs, capital improvements and expenditures of the Debtors and for general corporate purposes

during the Chapter 11 Cases, in each case in accordance with this Final Additional Financing

Order, the Final DIP Order (as modified by this Final Additional Financing Order), the

Additional Financing Documents and the Term DIP Documents.

(b)      In furtherance of the foregoing and without further approval of this Court,

the Company is authorized to enter into the Amendment, and each Debtor is authorized to make,

execute and deliver all instruments and documents and to pay all fees in connection with or that

#92540740v2

may be reasonably required, necessary or desirable for such Debtor's performance of its obligations under or related to the Additional Financing and the Additional Financing Documents.

5.    *Findings Regarding the Additional Financing*.

(a)    Good and sufficient cause has been shown for the entry of this Final Additional Financing Order.

(b)    The Term DIP Loan Parties need to obtain the Additional Loans in order to permit, among other things, the orderly continuation of the operation of their businesses, to maintain business relationships with vendors, suppliers, customers, and employees, to satisfy other working capital and operational needs, to pay administrative costs, and to bridge to emergence from the Chapter 11 Cases.  The access of the Term DIP Loan Parties to sufficient working capital and liquidity through the incurrence of new indebtedness and other financial accommodations is necessary and vital to the preservation and maintenance of the going concern values of the Term DIP Loan Parties and to a successful reorganization of the Term DIP Loan Parties.

(c)    The Additional Financing is the best and only available financing option for the Term DIP Loan Parties under the circumstances.  The Term DIP Loan Parties are unable to obtain financing on more favorable terms from sources other than the Term DIP Lenders under the Amendment, and are unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense.  The Term DIP Loan Parties are also unable to obtain secured credit on more favorable terms than the Additional Loans through secured credit allowable under sections 364(c)(1), 364(c)(2) and 364(c)(3) of the Bankruptcy Code without the Term DIP Loan Parties granting to the Term DIP Secured Parties,

subject to the Carve-Out, the Term DIP Liens and the DIP Superpriority Claims under the terms and conditions set forth in this Final Additional Financing Order and in the Additional Financing Documents.

(d)    For the avoidance of doubt, the effectiveness of the Amendment and the amendments set forth herein are subject to the consent thereto of the applicable requisite parties under the Term DIP Credit Agreement.

(e)    The terms of the Additional Financing are fair and reasonable, reflect the Term DIP Loan Parties' exercise of prudent business judgment consistent with their fiduciary duties and constitute reasonably equivalent value and fair consideration.

(f)    The terms of the Additional Financing have been negotiated in good faith and at arm's length among the Term DIP Loan Parties and the Term DIP Secured Parties, and all of the Term DIP Loan Parties' obligations and indebtedness arising under, in respect of, or in connection with the Additional Financing Documents, including, without limitation, all Additional Loans made to the Term DIP Loan Parties pursuant to the Additional Financing Documents, shall be deemed to have been extended by the Term DIP Agent and the Term DIP Lenders in good faith, as that term is used in section 364(e) of the Bankruptcy Code and in express reliance upon the protections offered by section 364(e) of the Bankruptcy Code, and the Term DIP Agent and the Term DIP Lenders (and the successors and assigns thereof, solely in their capacity as such) shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this Final Additional Financing Order or any provision hereof is vacated, reversed, or modified, on appeal or otherwise.

6.      *Privileges and Protections*.

(a)      All liens, security interests, priorities and other rights, remedies, benefits, privileges and protections provided to the lenders providing New Money Term DIP Loans and the Term DIP Agent in the Final DIP Order and the Term DIP Documents with respect to or relating to the Term DIP Financing, as modified by the Additional Financing Modifications, shall apply with equal force and effect with respect to the Additional Financing, the Additional Financing Documents and all obligations in connection therewith or related thereto.   The Additional Loans will rank *pari passu* in right of payment and security with the New Money Term DIP Loans, except that (i) the New Money Term DIP Liens shall be subject and subordinate to the liens in respect of the Additional Loans on the Specified Owned Assets and (ii) the Additional Financing Modifications regarding payment priorities between the Additional Loans and the New Money Term DIP Loans shall apply. In furtherance of the foregoing, except as modified by this Final Additional Financing Order and the Additional Financing Modifications, for all purposes under the Final DIP Order the defined terms (a) "New Money Term DIP Loans" shall include the Additional Loans, (b) "Term DIP Facility" shall include the Additional Facility, (c) "Term DIP Financing" shall include the Additional Financing, (d) "Term DIP Obligations" shall include the Additional Obligations, (e) "Term DIP Documents" shall include the Amendment, and (f) "Term DIP Lenders" shall include each Lender providing an Additional New Money DIP Term Loan Commitment.   The Additional Obligations shall constitute DIP Superpriority Claims under the Final DIP Order, subject to the payment priorities set forth in the Additional Financing Modifications.

(b)      The Additional Loans made pursuant to the Additional Facility shall be subject to the DIP ICA.

7

7.      *The Final DIP Order*.  The terms of the Final DIP Order are incorporated herein and made part of this Final Additional Financing Order.  Except as expressly modified by this Final Additional Financing Order, the Final DIP Order shall remain unchanged and in full force and effect.  All factual and other findings and conclusions of law contained in the Final DIP Order shall remain fully applicable, including with respect to the Additional Financing, except to the extent specifically modified herein.  In the event of any inconsistency among the provisions of this Final Additional Financing Order, the Final DIP Order and the definitive documents related to the Additional Financing, the provisions of the Final DIP Order shall govern, except as expressly modified by this Final Additional Financing Order.

*Rights of DIP ABL Secured Parties Unaffected*.  For the avoidance of doubt, nothing in this Final Additional Financing Order or the Amendment is intended to nor shall alter, impair, or otherwise affect the claims, liens and security interests, or the priority thereof, or the other rights and interests of the DIP ABL Secured Parties under the Final DIP Order, the DIP ICA, and the DIP ABL Financing Documents, or the Prepetition ABL Secured Parties under the Final DIP Order, the Prepetition Intercreditor Agreements, and the Prepetition ABL Financing Documents.

8.      *Binding Effect; Successors and Assigns*.  The provisions of this Final Additional Financing Order, including all findings herein, shall be binding upon all parties in interest in the Chapter 11 Cases, including, without limitation, the DIP Agents, the DIP Lenders, any statutory or non-statutory committees appointed or formed in the Chapter 11 Cases, the Debtors and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of any of the Debtors, an examiner appointed pursuant to section 1104 of the Bankruptcy Code or any other fiduciary appointed as a legal representative of any of the Debtors or with respect to the property of the estate of any of the Debtors) and shall

inure to the benefit of the Term DIP Agent, the Term DIP Lenders and the Debtors and their respective successors and assigns; *provided* that the DIP Agent and the DIP Lenders shall have no obligation to extend any financing to any chapter 7 trustee, chapter 11 trustee or similar responsible person appointed for the estates of the Debtors.

9.      *Liens*.  All liens and priority granted to the Term DIP Lenders and the Term DIP Agent pursuant to this Final Additional Financing Order, including the Additional Financing Liens, shall be deemed effective and perfected upon the date of this Final Additional Financing Order and without the necessity of the execution, recordation or filing by the Term DIP Loan Parties of mortgages, security agreements, control agreements, pledge agreements, financing statements or other similar documents, or the possession or control by the Term DIP Agent of, or over, any Term DIP Collateral.

10.     *Headings*.  Section headings used herein are for convenience only and are not to affect the construction of or to be taken into consideration in interpreting this Final Additional Financing Order.

11.     *Effectiveness*.  This Final Additional Financing Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable immediately upon entry hereof.  Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9014, or any Local Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Final Additional Financing Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Final Additional Financing Order.

12.     *Retention of Jurisdiction*.  The Court shall retain jurisdiction to implement, interpret and enforce the provisions of this Final Additional Financing Order, and this retention of jurisdiction shall survive the confirmation and consummation of any chapter 11 plan for any

#92540740v2

one or more of the Debtors notwithstanding the terms or provisions of any such chapter 11 plan or any order confirming any such chapter 11 plan.

**Dated: October 24th, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

#92540740v2