**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLACKHAWK MINING LLC, *et al.*,[1] | ) | Case No. 19-11595 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER PURSUANT TO 11 U.S.C. §§ 1127(B) AND 1129 (I) CONFIRMING
THE FIRST AMENDED JOINT PREPACKAGED CHAPTER 11 PLAN
OF REORGANIZATION, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") having requested entry of an order (this "Order"),[2] (a) confirming the Amended Plan and approving any necessary or appropriate action in connection therewith and (b) granting related relief, all as more fully set forth in the *Debtors' Motion for Entry of an Order (A) Approving the*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Blackhawk Mining LLC (5600); Blackhawk Coal Sales, LLC (9456); Blackhawk Land and Resources, LLC (7839); Blackhawk River Logistics, LLC (3388); Blue Creek Mining, LLC (2427); Blue Diamond Mining, LLC (3488); Eagle Shield, LLC (6721); FCDC Coal, Inc. (6188); Guyandotte Mining, LLC (4882); Hampden Coal, LLC (8241); Kanawha Eagle Mining, LLC (0586); Logan & Kanawha, LLC (3178); Panther Creek Mining, LLC (0627); Pine Branch Land, LLC (9661); Pine Branch Mining, LLC (9681); Pine Branch Resources, LLC (9758); Redhawk Mining, LLC (0852); Rockwell Mining, LLC (3874); Spruce Pine Land Company (2254); Spurlock Mining, LLC (2899); Triad Mining, LLC (7713); and Triad Trucking, LLC (6112). The location of the Debtors' service address in these chapter 11 cases is 3228 Summit Square Place, Suite 180, Lexington, Kentucky 40509.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Debtors' First Amended Joint Prepackaged Chapter 11 Plan of Reorganization* [Docket No. 278] (the "Amended Plan"), the *Declaration of Kevin Nystrom in Support of Confirmation of the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization* [Docket No. 234] (the "First Nystrom Declaration") or the *Declaration of Kevin Nystrom in Support of the Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Amend the Term DIP Credit Agreement to Increase the Size of the Facility, (II) Granting Related Liens and Conferring Superpriority Administrative Expense Status, and (III) Granting Related Relief and the Debtors' Motion for Entry of an Order (A) Approving the Debtors' First Amended Joint Prepackaged Chapter 11 Plan of Reorganization, (B) Approving the Form of Notice and Schedule of Dates and Deadlines Relating Thereto, and (C) Granting Related Relief* [Docket No. 282] (the "Second Nystrom Declaration") or the *Declaration of Kevin Nystrom in Support of Confirmation of the Debtors' First Amended Joint Prepackaged Chapter 11 Plan of Reorganization* [Docket No. 318] (the "Third Nystrom Declaration" and, together with the First Nystrom Declaration and the Second Nystrom Declaration, the "Nystrom Declarations"), or the Original Confirmation Order (as defined in the Amended Plan), as applicable.

*Debtors' First Amended Joint Prepackaged Chapter 11 Plan of Reorganization, (B) Approving the Form of Notice and Schedule of Dates and Deadlines Relating Thereto, and (C) Granting Related Relief* [Docket No. 281] (the "Plan Modification Motion"), the *Declaration of Marc D. Puntus in Support of the Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Amend the Term DIP Credit Agreement to Increase the Size of the Facility, (II) Granting Related Liens and Conferring Superpriority Administrative Expense Status, and (III) Granting Related Relief and the Debtors' Motion for Entry of an Order (A) Approving the Debtors' First Amended Joint Prepackaged Chapter 11 Plan of Reorganization, (B) Approving the Form of Notice and Schedule of Dates and Deadlines Relating Thereto, and (C) Granting Related Relief* [Docket No. 283] (the "Puntus Declaration"), and the Nystrom Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Plan Modifications are in the best interest of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' Notice of Plan Modifications was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Puntus Declaration, the Nystrom Declarations, and the *Declaration of James Daloia of Prime Clerk LLC Regarding Class 3 and Class 4 Voting Results With Respect to the Debtors' First Amended Joint Prepackaged Chapter 11 Plan of Reorganization* (the "Amended Voting Report"), and having heard the statements in support of the relief requested therein at a hearing

before this Court (the "Hearing"); and this Court being satisfied that the representations made in the Puntus Declaration, the Nystrom Declarations, and at the Hearing establish just cause for the relief granted herein; and this Court having found that the Debtors, as proponents of the Amended Plan, have met their burden of proving the applicable elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:

1.    Except to the extent otherwise set forth herein, the findings of fact and conclusions of law set forth in the Original Confirmation Order are incorporated in their entirety by reference and provisions thereof with respect to the Original Plan, including, for the avoidance of doubt, the treatment of Executory Contracts and Unexpired Leases and objections and disputes related thereto provided for in paragraph 69 of the Original Confirmation Order, shall apply *mutatis mutandis* to the Amended Plan, including all documents incorporated into the Amended Plan through the Plan Supplement (including the final forms thereof).

2.    The Amended Plan, attached hereto as **Exhibit A**, including all documents incorporated into the Amended Plan through the Plan Supplement (including the final forms thereof), is confirmed pursuant to sections 1127(b) and 1129 of the Bankruptcy Code. The failure to specifically include or refer to any particular article, section, or provision of the Amended Plan, the Plan Supplement, the Original Confirmation Order, or any related document in this Order does not diminish or impair the effectiveness or enforceability of such article, section, or provision, it being the intent of the Court that the Amended Plan, the Plan Supplement, and the exhibits thereto be confirmed in their entirety.

3. Any and all objections to the Amended Plan that have not been withdrawn or resolved prior to or during the Hearing are hereby overruled; *provided* that, for the avoidance of doubt, any negotiated resolutions of objections (formal or informal) to the Original Plan as set forth in the Original Confirmation Order, including those set forth in paragraphs 90–91 of the Original Confirmation Order, are unaffected by entry of this Order, apply *mutatis mutandis* to the Amended Plan, the New First Lien Loan Documents, the Exit ABL Facility Documents, and this Order, and, to the extent that any provisions of the Amended Plan, the New First Lien Loan Documents, the Exit ABL Facility Documents, or this Order conflict with or are in any way inconsistent with any of the foregoing provisions of the Original Confirmation Order, whether directly or indirectly, the foregoing provisions of the Original Confirmation Order shall govern and control.  For the further avoidance of doubt, unresolved objections to the assumption of Executory Contracts and Unexpired Leases, including disputes regarding any cure amounts, filed with respect to the Original Plan, the Plan Supplement, and/or related documents, are likewise unaffected by entry of this Order and shall continue to be administered in accordance with paragraph 69 of the Original Confirmation Order.

4. The Debtors have provided due, adequate, and sufficient notice of the Amended Plan in accordance with the Plan Modifications Notice and Scheduling Order.  Such notice was adequate and sufficient pursuant to section 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, and 3020, and other applicable law and rules, and no other or further notice is or shall be required.

5. The Plan Modifications Notice satisfies sections 1125 and 1127(c) of the Bankruptcy Code.

6. As evidenced by the Amended Voting Report, Class 3 (Holders of First Lien Term Loan Claims) and Class 4 (Holders of Second Lien Term Loan Claims) have voted to accept the Amended Plan in accordance with the requirements of sections 1124, 1126, 1127, and 1129. Pursuant to section 1127(d) of the Bankruptcy Code, holders of Class 3 First Lien Term Loan Claims and holders of Class 4 Second Lien Term Loan Claims who voted to accept the Original Plan, but did not change their vote on the Amended Plan in accordance with the Plan Modifications Notice and Scheduling Order, are deemed to accept the Amended Plan. Except with respect to holders of DIP Roll-Up Claims, Class 3 First Lien Term Loan Claims, and Class 4 Second Lien Term Loan Claims, the modifications set forth in the Amended Plan do not materially and adversely affect or change the treatment of any other Claim or Interest.

7. The Amended Plan and the modifications to the Original Plan set forth therein comply with sections 1122, 1123, 1127(b), and 1129 of the Bankruptcy Code. As set forth in the Nystrom Declarations, circumstances following entry of the Original Confirmation Order warrant implementation of the Plan Modifications to the Original Plan that are incorporated in the Amended Plan.

8. As of the date of filing the Plan Modifications Motion and the Amended Plan, the Original Plan had not been substantially consummated pursuant to section 1101(2) of the Bankruptcy Code (and has not been substantially consummated as of the date of entry of this Order).

9. The Amended Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code. All holders of DIP Roll-Up Claims have either affirmatively consented to their treatment under the Amended Plan or have not objected to such treatment after sufficient notice and an opportunity to object.

10. The Amended Plan satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.  The evidence supporting confirmation of the Amended Plan proffered or adduced by the Debtors at, prior to, or in the Nystrom Declarations filed in connection with the Hearing:  (a) are reasonable, persuasive, and credible as of the dates such evidence was prepared, presented, or proffered; (b) have not been controverted by other evidence; (c) establish that the Amended Plan is feasible and confirmation of the Amended Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Reorganized Debtors or any successor to the Reorganized Debtors under the Amended Plan, except as provided in the Amended Plan; and (d) establish that the Reorganized Debtors will have sufficient funds to meet their obligations under the Amended Plan.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Amended Plan.

12. Notwithstanding the possible applicability of Bankruptcy Rules 3020(e), 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: October 25th, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**